Filing # 51214471 E-Filed 01/16/2017 04:05:57 PM

IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

OMAYRA SANTIAGO,

Plaintiff,

vs.

OCEAN DETAILING USA
MANAGEMENT INC,

Defendant.
_______________________________/

**COMPLAINT FOR DAMAGES**

Plaintiff, OMAYRA SANTIAGO, sues Defendant, OCEAN DETAILING USA MANAGEMENT INC, and shows:

**Introduction**

1. This is an action by OMAYRA SANTIAGO against her former employer for equal pay pursuant to both the Equal Pay Act and the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

**Jurisdiction**

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, as amended by the Equal Pay Act. This Court has jurisdiction over the claim pursuant to 29 U.S.C. § 216(b), which allows for an action to be brought in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated and because Plaintiff is claiming damages in an amount that are greater than $5,000, but do not exceed $15,000, exclusive of interest, costs, and attorney's fees.

3. Venue is proper in this Court because the parties reside in Miami-Dade County and the events that comprise the litigation occurred in Miami-Dade County.

**Parties and General Allegations**

4. Plaintiff, OMAYRA SANTIAGO, (hereinafter "SANTIAGO"), a resident of Miami-Dade County, was at all times material, employed by the OCEAN DETAILING USA MANAGEMENT INC (hereinafter, "OCEAN DETAILING"), as a porter, was an employee as defined by 29 U.S.C. § 203(e), and during her employment with the OCEAN DETAILING, was engaged in commerce or in the production of goods for commerce.

5. Defendant, OCEAN DETAILING, is a corporation doing business in the state of Florida, is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1)(C), in that it is a covered enterprise and/or has at least two employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 206, in the business location where SANTIAGO was employed.

**Count I – Violation of FLSA by Defendant OCEAN DETAILING against SANTIAGO – Equal Pay**

6. Plaintiff SANTIAGO realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

7. On or about July 10, 2015, SANTIAGO was hired by the Defendant to work as a porter for its operations at Williamson Cadillac, located at 7815 SW 104th Street Miami, Florida 33156.

8. Plaintiff worked for Defendant up until July 27, 2016, at which time she was terminated.

9. Shortly after Plaintiff was hired, the Defendant hired at least one male individual to perform the same job as Plaintiff: porter.

10. Defendant pays one or more of its male porters at a rate that is greater than what the Defendant paid to the Plaintiff and other female porters.

11. Defendant has willfully violated Section 6(d) of the Act by discriminating between employees on the basis of sex by paying wages to SANTIAGO at rates less than the rates at which it pays wages to male employees in the same establishment for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions.

12. SANTIAGO is entitled to a judgment granting damages in the amount of the difference between the wages actually received by her and the wages paid to male employees for equal work within the meaning of the Equal Pay Act together with an additional amount as liquidated damages, as specifically authorized by Section 16(b) and Section 6(d)(3) of the Act.

WHEREFORE, Plaintiff SANTIAGO prays that this Honorable Court enter judgment:

a. Ordering the Defendant to pay SANTIAGO an amount equal to the difference between the wages actually received and the wages paid to male employees performing equal work within the meaning of Section 6(d) of the Act and interest thereon together with an additional equal amount as liquidated damages;

b. Ordering the Defendant to pay SANTIAGO's costs in this action;

c. Ordering the Defendant to pay SANTIAGO's reasonable attorney's fees; and

d. Providing other such relief as this Court deems just.

**Jury Demand**

Plaintiff demands trial by jury on all issues so triable.

Dated: January 16, 2017
Plantation, Florida

Respectfully submitted,

*/s/**Robert S. Norell***

Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
ROBERT S. NORELL, P.A.
300 NW 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for Plaintiff OMAYRA SANTIAGO